FILED
00 APR 27 AM 9:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 27 2000

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

HOWARD S. ROSS, )
 )
    Plaintiff, )
 )
v. )
 ) Case No. CV 98-S-2683-NE
 )
ESTATE OF J.W. EDWARDS, et al. )
 )
    Defendant. )
 )

**MEMORANDUM OPINION**

This cause came before the court on the motion for summary judgment filed October 29, 1999, by the defendants, Clara Edwards and the Estate of J.W. Edwards (the Edwards). The magistrate judge filed his report and recommendation on March 27, 2000, recommending that the motion for summary judgment be granted and the claims against the Edwards be dismissed with prejudice. Plaintiff filed objections to the report and recommendation on April 11, 2000.

In essence, the plaintiff makes three objections: (1) that the statute of limitations began to run on the date the foreclosure deed was recorded, not on the earlier date the mortgage assignment was recorded; (2) that the defendants did not offer any evidence to support their assertion that the mortgagor consented to the assignment; and (3) that the assignment was invalid because the



payment of the mortgage preceded the assignment and thus extinguished any interest the mortgagee held in the property.

The court notes that the plaintiff raises the statute of limitations argument for the first time in his objections to the report and recommendation.  In his response to the motion for summary judgment, the plaintiff failed to dispute the defendants' assertion of the statute of limitations as a bar to the claims.  In his objections to the report and recommendation, however, the plaintiff argues that the limitations period should have been deemed to begin to run on the date the foreclosure deed was recorded, not on the earlier date the assignment of the mortgage on which the foreclosure was based was recorded.  Even if plaintiff is correct and the statute of limitations does not bar his claims, the outcome of this matter remains unchanged because the magistrate judge further correctly determined that the motion for summary judgment should be granted on additional substantive grounds.  Consequently, the court holds that the plaintiff's objection on the basis of the calculation of the limitations period, even if well founded, is irrelevant to the ultimate disposition of these claims.

With regard to the recommendation on the merits, the plaintiff first asserts that the defendants' motion is due to be denied because the defendants failed to provide any evidence that the

2

assignment of the mortgage to the defendants was pursuant to the consent of David Markham, the mortgagor. The court notes, to the contrary, that the defendants provided the affidavit of Markham, properly signed and notarized, which states:

> Thereafter, I was advised that Mr. Edwards was seeking an assignment of the mortgage that I had previously given to the Farmers Home Administration. I gave my consent to that assignment of said mortgage from the Farmers Home Administration to J.W. Edwards. This assignment was given to the Farmers Home Administration and there has never been a revocation or withdrawal of that consent.

Based on the affidavit, the court finds that the defendants' motion for summary judgment was properly supported by evidence that Markham consented to and gave permission for the assignment. As the magistrate judge noted, the consent given was sufficient pursuant to the regulations governing the transaction at the time it was completed. Accordingly, the plaintiff's objection on that ground is without merit.

The plaintiff's third objection is essentially the same basis on which the plaintiff opposed the motion for summary judgment. The plaintiff asserts that "the mortgage was first paid off before the subsequent attempt to have it assigned and foreclosed." The evidence plaintiff cites in support of this assertion is the

3

declaration of Albert Butler, filed as an exhibit to the defendants' motion for summary judgment, and a letter from the Edwards' attorney stating that the payment was made in May of 1987.[1]  The court sees no grounds for concluding, as plaintiff argues, that the assignment was invalid because of the "prepayment" of the amount of the underlying debt.

The plaintiff's argument, while somewhat inartfully stated, appears to be an attack on the assignment either because: (1) the payment extinguished the mortgage, thereby leaving the FmHA with nothing to assign to the Edwards, or (2) the assignment is invalid for lack of consideration because the payment preceded the assignment and there was no new consideration for it.  The court sees no merit to either argument.

The Edwards apparently paid off the underlying debt in May of 1987.  Under Alabama law, the payment of the underlying debt caused the Edwards to become subrogated to the rights of the mortgagee.  This is true because subrogation arises as a matter of law and equity whenever one party pays the debt or encumbrance of another

---

[1] The plaintiff also references his complaint, but at this stage of the summary judgment proceeding, the plaintiff may not "rest on the pleadings" but most come forward with evidence to refute the defendants' showing that there is no genuine issue of material fact that would preclude summary adjudication.

4

either at the request of the other or in order to preserve his own property or assets. Whitson v. Metropolitan Life Insurance Co., 225 Ala. 262, 142 So. 564 (1932). Furthermore, the payment of the debt necessarily would precede an assignment of the mortgage, as it was the payment that entitled the Edwards to "stand in the shoes" of the FmHA as the mortgagee and to effectuate assignment of the mortgage with Markham's consent.

The court also finds no support for the contention that the payment of the debt by the Edwards extinguished the mortgagee's rights. It is clear under Alabama law that the payment of the underlying debt by a third-party does not extinguish the mortgage, but, rather, works a transfer of the mortgagee's rights to the third-party. See Collins v. Forman, 230 Ala. 370, 161 So. 238 (1935); North American Life Insurance of Chicago v. Collins, 237 Ala. 17, 185 So. 375 (1938). The two obligations are separate and distinct, and the plaintiff provides no authority for an assertion to the contrary. The issue of consideration for the assignment already has been discussed by the magistrate judge. Suffice it to say that the Edwards, having paid the underlying debt, became entitled to the assignment of the mortgage, and the passage of time between the payment and the assignment is of no consequence to the validity of the assignment. Therefore, even if plaintiff's factual

5

allegations are correct, they do nothing to affect the validity of the assignment of the mortgage which is at issue in this case.

Consequently, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be adopted and his recommendation is due to be accepted. A separate order will be entered in accordance with this finding.

DATED this **27th** day of April, 2000.

_____
C. LYNWOOD SMITH, JR.
UNITED STATES DISTRICT JUDGE