IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

HOWARD S. ROSS, )
)
    Plaintiff, )
)
v. )   Case No. CV-98-TMP-2683-NE
)
J.W. EDWARDS, et al., )
)
    Defendants. )
)

**ENTERED**
**JUN 15 2001**

### MEMORANDUM OPINION

This cause came before the court on two motions for summary judgment. The first was filed June 6, 2000, by defendant Lois Ford,[1] and the second on August 16, 2000, by defendant United States of America.[2] The plaintiff has not filed any evidence or argument in opposition. The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c).

---

[1] The complaint also names as a defendant William Ford, Lois Ford's father-in-law. William Ford died on August 28, 1997, before this action was commenced, as was stated in the record by affidavit of Lois Ford filed June 6, 2000. Accordingly, William Ford was never a party defendant, and plaintiff has taken no action to add the estate of William Ford as a party defendant. Accordingly, any claims against William Ford are due to be dismissed.

[2] The complaint also names other Government officials in their official capacity, but the court notes that the only proper defendants are the United States Department of Agriculture and the Farm Service Agency f/k/a Farmer's Home Administration. Accordingly, all claims against the remaining parties named in the complaint are treated as claims against the Government.

A motion for summary judgment previously was filed by Clara Edwards and the Estate of J.W. Edwards (the Edwards). The undersigned magistrate judge filed his report and recommendation on March 27, 2000, recommending that the Edwards' motion for summary judgment be granted and the claims against the Edwards be dismissed with prejudice. Plaintiff filed objections to the report and recommendation on April 11, 2000, and United States District Judge C. Lynwood Smith, Jr. entered a memorandum opinion and order on April 27, 2000, dismissing the claims against the Edwards with prejudice. The plaintiff filed a motion to reconsider and vacate the order, which was denied by order dated May 31, 2000.

The two instant motions for summary judgment are based upon the same undisputed facts and raise the same grounds for dismissal as did the Edwards' motion for summary judgment: (1) that the assignment of the subject mortgage and foreclosure of the subject property were valid; and (2) that the statute of limitations bars plaintiff's claims. The reasons that the Edwards' motion prevailed are set forth in great detail in the Report and Recommendation and in the Memorandum Opinion. The reasons will not be set forth again here. Suffice it to say that the Government defendants and Lois Ford also are entitled to summary judgment in their favor as to all of the plaintiff's claims because the assignment of the mortgage

was proper, because the foreclosure upon the property was proper, and for the separate and independent reason that the claims are time-barred.

Consequently, having carefully reviewed and considered all the materials in the court file, the court is of the opinion that the motions for summary judgment are due to be granted.  A separate order will be entered in accordance with this finding.

DATED this __15th__ day of June, 2001.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE